STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY *v.* ABERCROMBIE.

4-8361                    208 S. W. 2d 170

Opinion delivered February 9, 1948.

*Buzbee, Harrison & Wright,* for appellant.

*McDaniel & Crow,* for appellee.

ED. F. MCFADDIN, Justice. The only question to be
decided on this appeal is: was there sufficient evidence
to take the case to the jury on the issue of whether the
insurance policy was in force on August 24, 1941.

On the date just mentioned, James Piper (then a
soldier stationed at Camp Robinson), in operating his
automobile, caused personal injuries and property dam-
age to appellee, H. L. Abercrombie, for which appellee
recovered judgment against Piper in the sum of $1,100
in Saline Circuit Court on March 13, 1946. Piper failed

to pay the judgment; and thereupon Abercrombie instituted the present action* against the appellant, as Piper's alleged insurance carrier. The complaint alleged that on July 1, 1941, the appellant issued a liability insurance policy to Piper covering the period from July 1, 1941, to January 1, 1942, and that, pursuant to the said policy, appellant was required to pay the judgment that appellee held against Piper. Appellant's defense was, that the policy issued to Piper was cancelled for nonpayment of premium on August 12, 1941 (12 days prior to the collision), and that appellant was not liable to Piper or appellee, because of such cancellation.

Abercrombie introduced in evidence the original policy issued by the appellant to Piper, and also a letter which accompanied the policy. The policy stated, *inter alia*: that the name of the insured was James R. Piper of Battery "A," 130 F. A., 35th Division, Camp Robinson, Arkansas; that "the term of the policy shall be from July 1, 1941, to January 1, 1942, . . . and for such terms of six calendar months each thereafter as the required renewal premium is paid by the insured on or before expiration of the current term and accepted by the company;" and that the policy was issued in consideration of a membership fee of $7 and a premium fee of $12.60, and that "failure to pay any installment when due voids the entire policy. See conditions." Condition 18 of the policy reads:

"Default in Required Payments to Company Voids Protection. This entire policy shall automatically be void as of the date of its issuance without notice of cancellation, or notice of any other kind if there be failure to make payment of the membership fee or premium recited in this policy, or any installment thereof, for which in-

---

* There is no question raised as to the form of the action. The appellee might be proceeding under Act 196 of 1927, and the cases construing that act, one of which is *Casualty Reciprocal Exchange* v. *Bounds*, 191 Ark. 934, 88 S. W. 2d 836; or, the appellee might also be proceeding under condition 7 of the policy, which reads in part:

". . . Any person or his legal representative who has secured such judgment or written agreement shall thereafter be entitled to recover under the terms of this policy in the same manner and to the same extent as the insured. . . ."

sured has given an instrument in writing, when due and upon presentation thereof. . . ."

The letter which accompanied the policy was from the appellant to Piper, dated July 7, 1941, and reads in part:

"Dear Policyholder:

"We are enclosing Policy No. 6037496-Ark. which protects you in the event of loss due to the ownership, maintenance or use of the automobile described for the coverage specifically set forth in this policy.

. . . . . .

"Under our plan of operation, a membership fee and a premium are charged for the initial term specified in the policy. The membership fee is not returnable, but entitles you to insure one automobile for the coverages for which the fees were paid so long as this company continues to write these coverages and the insured remains a desirable risk. The premium is the charge for the insurance granted you for the term of the enclosed policy.

"Thirty days prior to the expiration of the term set forth in this policy, you will receive from us a statement of the amount of the next renewal premium required to be paid to continue the policy for a succeeding term of six months. This procedure is followed at the end of each six months and this statement is made so that it may be entirely clear to you how the future payments are to be handled."

After introducing the said policy and letter and the Saline Circuit Court judgment as aforesaid, the plaintiff rested his case.

Thereupon the defendant showed: that even though the policy stated that it covered the period from July 1, 1941, to January 1, 1942, it nevertheless called for a membership fee of $7 and a premium of $12.60; that the policy and the letter were sent upon the payment of the membership fee alone; that Piper paid the $7 member-

ship fee and was to pay the premium fee in two equal installments of $6.30 each; that the first installment was to be due on August 6, 1941, and the second installment, thirty days thereafter; that a premium notice for the first installment of $6.30 was mailed to Piper on July 22, which notice stated:

". . . in order that your insurance may be in full force and effect, please forward this payment so that it will reach this office on or before the due date." (*i. e.,* August 6, 1941).

Appellant also showed that no premium payment was ever received from Piper; that on August 12, 1941, the policy was cancelled for the nonpayment of the premium due on August 6, 1941; and that the company notified Piper:

"Your remittance covering collection memorandum which accompanied your application for insurance has not been received. According to the provisions of your policy, failure to make payment when due voids the policy, and you are without protection until payment is made."

In addition to the written notices, *supra,* the agent of the defendant company—who issued the policy to Piper—testified that he personally called on Piper at Camp Robinson and demanded payment of the premium of $6.30 due on August 6, and that no payment was ever made, and that the said agent personally notified Piper that the insurance policy was cancelled on August 12 because of nonpayment of premium.

On the foregoing evidence, the court submitted to the jury the question of whether the policy was in force on August 24, 1941. This was over the objection of the appellant, who asked for an instructed verdict. We think the court should have given this instructed verdict as requested. Under the proof here Piper paid $7 membership fee, and received a policy which required him to pay $12.60 in premiums, and which provided that failure to pay the premium voided the policy. All the evidence shows that the $6.30 premium (due August 6) was never

paid, and that the policy was canceled for such non-payment.

There is no issue here of credit being extended to Piper on account of the existence of a policy. Neither does plaintiff claim that the policy was issued for the plaintiff's benefit pursuant to any statute of this state requiring an automobile owner to have liability insurance. There is no claim by Abercrombie that the appellant has done anything that amounted to a waiver of its claim that the policy was canceled for nonpayment of premium. There are certain defenses that an insurance company can interpose against an insured, but which it cannot make as against an injured party in an action such as the one here. But we need not consider these matters, because the defense of the cancellation of the policy—prior to the accident—for nonpayment of the premium, is a defense available to the insurance company against the plaintiff in this case.

To sustain the judgment of the lower court, appellee makes two arguments: (1) he contends that the issuance of the policy along with the letter created a presumption that the policy was in effect until January 1, 1942, and that this presumption was enough to take the case to the jury. But the policy itself had the provision that the premium was $12.60; and the policy did not recite the receipt by the company of any such premium. On the contrary, the policy contained the provisions as previously copied, that the policy would be canceled for nonpayment of premium; and that is exactly what was done, 12 days prior to the collision. Also, (2) appellee insists that the language in condition 18, as previously copied, required Piper to give some "instrument in writing" before the premium would be due. The said provision in section 18 means that, if the premium be not paid when due, or arranged by "instrument in writing," then the policy would be canceled; and if a note or other "instrument in writing" had been given to defer the payment, then the failure to pay such note or other "instrument in writing" when due, would void the policy. Condition 18 affords the appellee no support.

The sole issue was whether the policy was in force on August 24, 1941. We hold that there was no evidence to take the case to the jury on that question, and that the instructed verdict should have been given for the defendant.

It follows that the judgment of the circuit court is reversed, and the cause is dismissed.

ROBINS and MILLWEE, JJ., dissent.

